[No. 9003.]

NEEF BROS. BREWING CO. v. KROTTER.

1. APPEAL AND ERROR—*Presumptions.* Where the record discloses no objection or exception to instructions given or refused it must be presumed that all the issues were submitted under proper directions as to the law. (104.)

2. ——*Harmless Error.* Action for a Balance of Wages. The plaintiff had been receiving a salary of $200.00 per month. A "cut" had been announced, but plaintiff and one of the officers of defendant testified that the officer in question had promised plaintiff that he would later receive the deferred salary. There was also evidence that the same officer had stated at the time of the "cut" that the sole purpose thereof was to get rid of another employee named. In view of this, the admission of testimony that other employes of the company whose salaries were reduced by the cut, were afterwards paid in full, was held harmless. (105.)

*Error to Denver District Court.* Hon. GEORGE W. ALLEN, Judge.

Mr. WILLIAM H. DICKSON, and Mr. FORREST L. NICOL, for plaintiff in error.

Mr. HARRY S. SILVERSTEIN, for defendant in error.

Mr. JUSTICE WHITE delivered the opinion of the court.

The complaint sets forth a cause of action in favor of Krotter for services rendered at the special instance and request of the Neef Brothers Brewing Company, a corporation, at an agreed compensation, admits the payment of a portion of the salary, and prays judgment for the balance. The answer admits the rendition of the services, but denies the alleged agreed compensation therefor, and any indebtedness whatever. There is no controversy relative to the work performed by the plaintiff, and the sums paid therefor by the defendant, but the sole question is whether the defendant agreed to pay the plaintiff for such services the sum of $200.00 per

month for the years 1914 and 1915.  Upon the verdict of
the jury, judgment was entered in favor of Krotter, and
the defendant brings the cause here for review.  The suf-
ficiency of the evidence to support the verdict and judg-
ment is challenged, but we have read the entire record
and find it amply sufficient.  In fact, there is but little
conflict therein, and the judgment may not be disturbed
upon the ground assigned.  For over twenty years Krot-
ter had been in the employ of the Brewing Company, and
for a period of approximately sixteen years immediately
preceding February, 1914, was paid $200.00 per month.
In the latter part of January, 1914, or later, a conversa-
tion was had between Krotter and Rudolph Neef, one
of the officers of the Company, in relation to the former's
salary.  In regard to this Krotter testified that Neef, ad-
dressing him said: "Well, John, how do you feel in re-
gards to the cut?" and that before he answered Neef con-
tinued: "Well, John, your salary will remain the same;
but the licenses are coming due in June and we are a
little short of money, and we will give you credit for
this, and then we will pay it later on," to which Krotter
replied: "All right, I am satisfied," and that Neef then
said: "The reason this cut is made is just to get" our
present bookkeeper out.  As to this conversation Mr.
Neef, called for plaintiff for examination under the terms
of the statute, testified as follows: "When I came to
Mr. Krotter in regard to the 20 per cent cut, I said to
him: 'John, we have all had a cut of 20 per cent; if busi-
ness gets better you will get that in June or July'; there
was nothing said about anything after June or July; he
would get that in June or July as back salary; I told him
we all got a 20 per cent cut."  Subsequently, Mr. Neef,
as a witness for the defense, testified in relation to the
matter as follows: "As near as I can remember I says:
'John, we have got to have a 20 per cent cut here, and
sometime later, if business warrants it, why you will get

your $200.00,' or words to that effect. We have to give 20 per cent, and we will keep track of it, and sometime later when business has improved,—not improved, but when business got better, he would get his $200.00, and that was all that was said, and John was satisfied, and we were satisfied.'' The record discloses that the book-keeper, employed when this conversation took place, severed his relations with the company about April 1, 1914, and was succeeded by another who was a witness for the plaintiff, and testified that on April 11, 1914, he was told by Mr. Rudolph Neef to credit Krotter's account with $80.00 ''difference of salary, February and March, 1914,'' and that thereafter to credit Krotter with $200.00 per month, but he would draw only $160 per month, ''and that the balance would be paid later.'' This witness further testified that on December 28, 1914, at the request of Mr. Neef, he closed Krotter's account by charging the same with the credit balance then shown and ''credited back to selling expense to which'' Krotter's ''salary had always been charged,'' and that thereafter Krotter's account was not given credit for the 20 per cent cut. Krotter, however, was not advised, nor did he acquire any knowledge, of the aforesaid entry closing his account, or discontinuance of credit for the 20 per cent cut. Certain vouchers,—''salary'' for designated months,—and some receipts for salary to date, signed by Krotter, were admitted in evidence, and it is claimed that they constitute satisfaction of all indebtedness to Krotter for salary and discharge of the defendant therefor. These receipts and vouchers were before the jury and subject to consideration thereby. In the absence of objections to instructions given or refused, we are bound to presume that the issues in relation to these matters, and all of the issues involved, were submitted to the jury under proper declarations of law.

Plaintiff in error further claims that the court, over its objections, erroneously admitted testimony to the effect that other employes of the company, whose salaries were also cut, and the amount thereof, were afterwards paid in full. The court stated that the evidence so admitted was for the purpose of testing the credibility of the witness in relation to his statement in reference to what the agreement or arrangement was. As witness Neef and plaintiff both testified that the former had said that: "We have all had a cut of 20 per cent," and that "We will keep track of it," and that later Krotter would be paid his deferred salary; and that the latter had testified that Neef had said that the sole purpose of the cut was to get rid of the bookkeeper, we are unwilling to hold that the action of the court in the premises constitutes reversible error. After carefully reading the entire record and briefs of counsel, we think the application for *supersedeas* should be denied and the judgment affirmed, and it is so ordered.

*Judgment Affirmed.*

Decision *en banc.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE BAILEY not participating.